IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

REGINALD NALLS                                                              PETITIONER
ADC #106516

v.                          Case No. 5:15-cv-00193-DPM-JTK

WENDY KELLEY, *Director*,                                                  RESPONDENT
Arkansas Department of Correction


PROPOSED FINDINGS AND RECOMMENDATIONS INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendations and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR  72201-3325

## DISPOSITION

Petitioner Reginald Nalls, an inmate of the Arkansas Department of Correction ("ADC"), filed this timely petition for a writ of habeas corpus (Doc. No. 3), pursuant to 28 U.S.C. § 2254, after a jury found him guilty of delivery of cocaine. (Doc. No. 15-4.) For the following reasons, Mr. Nalls's petition should be denied.

I.   RELEVANT FACTS FROM TRIAL

On January 25, 2011, Anthony Tyrone Durkes, a confidential informant ("CI") for the Crossett Police Department ("CPD"), while in the presence of Officer Shelbi Hughes, called Seymore Putney to buy cocaine. (Doc. No. 15-17 at 27, 73.) In preparation for the controlled buy, Durkes met up with Officer Hughes and Investigator J.W. Cruce. Investigator Cruce testified that he searched Mr. Durkes and his car and found no narcotics. (Doc. No. 15-16 at 89.) Officer Hughes then gave Mr. Durkes the money, set up the video surveillance camera, and he proceeded to the residence. (Doc. No. 15-17 at 28-29.) When he arrived at the residence, Mr. Durkes met another man, Petitioner Reginald Nalls, who gave him the drugs in exchange for money. (*Id.* at 29.) Mr. Durkes testified that Mr. Nalls had the drugs in his waistband. (*Id.*). Mr. Durkes testified that he went back to the residence later that day and got Mr. Nalls's phone number. (*Id.* at 30.)

On January 27, 2011, Mr. Durkes called Officer Hughes to arrange another cocaine buy from Mr. Nalls. Mr. Durkes called Mr. Nalls, and they determined that Mr. Durkes would by $160 worth of powder cocaine. (*Id.* at 31.) Investigator Cruce searched Mr. Durkes, and Officer Hughes searched the car and set up the video surveillance camera. (Doc. No. 15-16 at 90-91.) Mr. Durkes then allegedly bought the cocaine from Mr. Nalls. (Doc. No. 15-17 at 31.)

On February 1, 2011, Mr. Durkes called Officer Hughes again, claiming that he wanted to buy crack cocaine from Mr. Nalls. (*Id.* at 32.) He met Officer Hughes and Investigator Cruce at a predetermined location. Officer Hughes searched the car while Investigator Cruce searched Mr. Durkes, but no contraband was found. (Doc. No. 15-16 at 91.) Mr. Durkes then allegedly proceeded to buy the crack cocaine from Mr. Nalls.

The second confidential informant, Mr. Douglas Meredith, testified at trial that he called the Crossett Police Department on February 14, 2011, to set up a buy with Mr. Nalls. (Doc. No. 15-17, at 55-56.) Mr. Meredith had worked with the department off and on for three or four years and received fifty dollars ($50) each time he made a buy. (*Id.*). Mr. Meredith testified that he, Investigator Cruce, and Officer Hughes had been in communication for some time and agreed to meet at the softball complex in Crossett. (*Id.* at 56.) Investigator Cruce searched Mr. Meredith and his car. (*Id.* at 57.) There was video and audio available for the buy. (*Id.* at 60.) After the search, Mr. Meredith made a phone call to Mr. Nalls, and he told Mr. Nalls that he needed to purchase drugs. (*Id.* at. 58.) Mr. Meredith made his way to Don's Fish Market, where he thought he was to meet Mr. Nalls, but subsequently received a phone call instructing him where to go. (*Id.* at 59-60.) Mr. Meredith traveled to Rice Road where he met Mr. Nalls walking up the road. (*Id.* at 60.) Mr. Nalls went up to the passenger side of Mr. Meredith's vehicle, got in, allegedly gave Meredith the drugs in exchange for payment, and got out of the

vehicle. (*Id.* at 60-61.) Mr. Meredith returned to the softball complex where he met up again with Officer Hughes and Investigator Cruce. (*Id.* at 61.) He was searched again and given fifty ($50) dollars. (*Id.* at 62.)

II.   PROCEDURAL HISTORY

The prosecuting attorney for Ashley County, Arkansas charged Mr. Nalls by felony information filed May 6, 2011, with four counts of delivery of cocaine. (Doc. No. 15-2, at 1-2.) The first three counts were premised on three separate controlled buys between Nalls and Durkes. The fourth count was premised on a controlled buy between Nalls and Meredith. The prosecutor amended the information on April 9, 2012, to what appears to be two counts of delivery of cocaine and two counts of delivery of a counterfeit substance. (Doc. No. 15-3, at 1.)

The jury was unable to reach a verdict on the first three counts, resulting in a mistrial, but it subsequently found Mr. Nalls guilty of count four—one count of delivery of cocaine. Mr. Nalls received forty (40) years in the ADC. (Doc. No. 15-7, at 1-2.) Mr. Nalls appealed his conviction. On appeal, Mr. Nalls argued that, during closing arguments, the prosecutor impermissibly commented on his failure to testify or produce evidence of his innocence, thereby shifting the burden of proof to him. The Arkansas Court of Appeals affirmed the conviction. (Doc. No. 15-7.)

On May 20, 2013, Mr. Nalls filed his Rule 37 petition, claiming that his trial counsel was ineffective for failing to motion the court to sever the charges and providing ineffective assistance during voir dire. He further claimed that both his trial counsel and appellate counsel were ineffective in their presentation of his argument that the prosecutor shifted the burden of proof in closing arguments at trial. (Doc. No. 15-8.) On June 28, 2013, the Ashley County Circuit Court denied the petition for Rule 37 relief, (Doc. No. 15-10), and Mr. Nalls appealed.

He argued: (1) the circuit court erred in denying his Rule 37 petition without holding an evidentiary hearing; and (2) the circuit court erred in not finding that counsel rendered ineffective assistance in failing to move to sever the charges and in failing to object to the prosecutor's statements made during voir dire and closing arguments. (Doc. No. 15-13.) The Arkansas Supreme Court affirmed the Ashley County Circuit Court on October 23, 2014. (*Id.*).

Mr. Nalls filed the instant habeas petition on June 15, 2015. (Doc. No. 3.) Construing the petition liberally, the petition's arguments are: (1) that the trial court abused its discretion in failing to sustain appellate counsel's objections to improper prosecutorial comments during closing arguments; (2) that the prosecutor's statements alluding to Nalls's failure to testify violated his Sixth and Fourteenth Amendment rights; (3) challenges to the cross examination of confidential informant Meredith regarding his past drug use and prior use as a confidential informant; (4) that the trial court erred in not granting him an evidentiary hearing; and (5) ineffective assistance of trial counsel for failing to (a) request a motion to sever, (b) object to the prosecutor's voir dire, and (c) object during closing arguments.

Respondent admits that Nalls is in her custody; however, asserts that the habeas petition should be denied and dismissed with prejudice. The Court appointed counsel to represent Mr. Nalls on November 15, 2015. (Doc. No. 19.) The Court scheduled an evidentiary hearing for May 11, 2016, to address Nalls's ineffective assistance of trial counsel claim for failing to file a motion to sever. (Doc. No. 26.) Following the hearing, the parties submitted post-hearing briefs, and the case is now ready for decision.

III.   STANDARD OF REVIEW

A district court has jurisdiction to entertain writs of habeas corpus on behalf of people in custody pursuant to state court judgments. 28 U.S.C. § 2254(a) (2006). The only issue the district court may consider is whether a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." *Id.*

A court may not grant a petition for a writ of habeas corpus unless the applicant exhausts the "remedies available in the courts of the State" prior to filing the petition. *Id.* at (b)(1)(A). A petitioner "must present his federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims." *Kennedy v. Delo*, 959 F.2d 112, 115 (8th Cir. 1992.) Failure to do so will result in his claims being barred "unless []he can demonstrate cause for the default and actual prejudice as a result of the violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Harris v. Lockhart*, 948 F.2d 450, 452 (8th Cir. 1991) (quoting *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)).

If a petitioner raises a claim that was fairly presented and adjudicated on the merits in state court, the federal court can overturn the state court's decision only if it

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006). A factual determination by the state court is "presumed correct," and a petitioner can only rebut that presumption with "clear and convincing evidence." *Id.* at (e)(1).

IV. ANALYSIS

A.     Claims One and Two:  Prosecutor's Statements; Claim Four:  Evidentiary Hearing

Mr. Nalls argues that the trial court abused its discretion in failing to sustain appellate counsel's objections to improper prosecutorial comments during closing arguments.  (Doc. No. 3 at 3-4; Doc. No. 4 at 11.)  In passing, Mr. Nalls also argues the trial court erred in denying him a post-conviction evidentiary hearing and denying relief under Rule 37.1 of the Arkansas Rules of Criminal Procedure.  (Doc. No. 3 at 6, 21-25.)  Respondent argues that the appellate court's decision was in line with Supreme Court precedent.  (Doc. No. 15 at 5-9.)

The prosecutor made the following comments during closing argument:

> The fact that what he brought back was purported to be cocaine, everybody thought it was cocaine, came back from the crime lab, that's why he's charged as a non-controlled substance or counterfeit substance purporting to be cocaine.
>
> Did the amount match the amount of money, the amount of purported cocaine match the amount of money that was used to buy that?  Yes.  According to Ms. Hughes, Officer Hughes, that amount of money is what you usually get that amount of cocaine for.
>
> Does that prove it?  No.  It's corroboration.  It's just one more thing that supports what the CI says.  And did you see any evidence to the contrary?  Let me just interject that in the middle of things.  What evidence, what physical evidence, what actual testimony, what actual anything--

Defense counsel objected, arguing the State was trying to imply that the defense had the burden of either proving or disproving something.  The trial court overruled the objection, stating that it was proper to argue there was no evidence to the contrary.

The second remark that Mr. Nalls contends was improper came later in the prosecution's rebuttal.  In rebuttal, the prosecuting attorney remarked as follows:

> Okay.  Now what does that mean? Officer Cruce said to the best of his ability that he searched the CI.  Now, what evidence is there to the contrary?  What evidence is there to the contrary?  He said he believed that he searched him and there wasn't anything on him.  What evidence – What evidence is there to the contrary?  Is there any?

Defense counsel again objected, stating that the State's remarks implied that Mr. Nalls had to prove something. The trial court again overruled the objection.

On appeal, Mr. Nalls argued that the prosecutor impermissibly commented on his failure to testify or to produce evidence of his innocence, thereby shifting the burden of proof to him. *Nalls v. State*, 2013 Ark. App. 183, at 2, 2013 WL 1010414, at *1. The Arkansas Court of Appeals, incorporating federal law into its analysis, determined that the statements "were not a comment upon, or a veiled reference to, Nall's failure to testify, nor did they shift the burden of proof to Nalls." *Nalls v. State*, 2013 Ark. App. 183, at 3, 2013 WL 1010414, at *2. The court further found that, even if the comments were impermissible, any error was harmless, as the statements did not influence the verdict. *Nalls v. State*, 2013 Ark. App. 183, at 4, 2013 WL 1010414, at *2.

"To grant habeas relief based on an inappropriate comment from a prosecutor, the comment must be so inappropriate as to make the trial fundamentally unfair." *Rousan v. Roper*, 436 F.3d 951, 960 (8th Cir. 2006) (citing *Darden v. Wainwright*, 477 U.S. 168, 180-81 (1986)). "There must be a 'reasonable probability' that the error affected the jury's verdict and that without the error, the jury's verdict would have been different." *Rousan*, 436 F.3d at 960 (citing *Newlon v. Armontrout*, 885 F.2d 1328, 1336-37 (8th Cir. 1989)).

Here, the Arkansas Court of Appeals did not act contrary to, nor unreasonably apply clearly established federal law in determining that there was no reasonable probability that the verdict would have been different absent the prosecutor's statement.

As to the argument that the trial court erred in denying him a post-conviction evidentiary hearing and denying relief under Rule 37.1 of the Arkansas Rules of Criminal Procedure, only

the first part of this argument is addressed here.  The second part of this argument ultimately goes to Mr. Nalls's claim of ineffective assistance of counsel that is addressed below.

The Arkansas Supreme Court held that there "is no requirement that the court grant an evidentiary hearing on an allegation other than one of specific facts from which it can be concluded that the petitioner suffered some actual prejudice." *Nalls v. State*, 2014 Ark. 434, at 1, 445 S.W.3d 509, 512.  The Arkansas Supreme Court also found that "the circuit court's order addressed the allegations raised in the Rule 37.1 petition in compliance with the requirements of Rule 37.3(a); moreover, it was evidence from the face of the petition and the record that no relief was warranted." *Id.*

Mr. Nalls did not make this argument based on federal grounds but instead relied strictly on state law.  This court lacks authority to review Arkansas state court's interpretation and application of state law, for "federal habeas corpus relief does not lie for errors of state law . . . [and] it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Further, the decision is not contrary to or an unreasonable application of United States Supreme Court precedent. *See Schriro v. Landrigan*, 550 U.S. 465 (2007) (the denial of an evidentiary hearing is not error).

      B.     Claim Three:  Confidential Informant

Mr. Nall's third claim for habeas relief challenges the cross examination of confidential informant Meredith regarding his past drug use and prior use as a confidential informant.  (Doc. No. 3, at 7-8.)  This claim is procedurally defaulted.

A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v.*

*Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Mr. Nalls failed to present his argument for one complete round of review by the state courts, so the claim is procedurally defaulted. The claim was not raised at all in state court, and Mr. Nalls has failed to establish cause or prejudice for the default. The undersigned also finds the claim conclusory and without merit.

      C.     Claim Five: Ineffective Assistance of Trial Counsel

In his final claim for reversal, Mr. Nalls asserts that his trial counsel was ineffective for failing to ask for a motion to sever. (Doc. No. 3, at 9-10, 26-31.) He also argues counsel was ineffective for failing to object to the prosecutor's voir dire and closing arguments. (*Id.* at 9-10, 32-39.) Respondent claims the state court decisions are in line with United States Supreme Court precedent. (Doc. No. 15, at 5-10.)

To establish ineffective assistance of counsel, the defendant must prove: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced the defense, which requires a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

      i.      Closing Arguments

As indicated above, counsel did object to the alleged improper statements made by the prosecutor during closing arguments. The state appellate court did not find error in the prosecutor's comments, and that decision, as determined previously, was not unreasonable or contrary to federal precedent.

      ii.      Voir Dire

Mr. Nalls also contends counsel was ineffective for failing to object to the prosecutor's voir dire when he "improperly shifted the burden of proof such that an objection should have been made at that point asking for a mistrial or at least curative instruction given to the potential jurors." (Doc. No. 3, at 35, 8.) Respondent contends the state court's decision was a reasonable determination of the facts in light of the evidence presented in the state court proceedings. (Doc. No. 15, at 8-9.)

During voir dire, the prosecutor made numerous statements regarding the definition of reasonable doubt and what is necessary to meet such a burden of proof. (Evidentiary Hearing, Respondent's Exhibit 2, v. 2, at 160-167.) Those remarks included the following:

> PROSECUTOR:    Tell me this is a reasonable doubt. Now, I was watching a show and they were talking about Area 51 and about aliens. You know, there may be aliens out there and they may take people. And they may plant drugs on them and make them act a certain way. Would that be a reasonable doubt?

11

| | |
|---|---|
| PROSPECTIVE JURORS: | (nodding negatively) |
| PROSECUTOR: | That you think that? |
| PROSPECTIVE JURORS: | (no response) |
| PROSECUTOR: | No. Not that you see it and we prove it or they prove it, but that you actually think it? I mean, that's a doubt that you could have in your mind, isn't it? |
| PROSPECTIVE JURORS: | (no response) |
| PROSECUTOR: | That there may be aliens that control people and make them do bad things. But if there's no proof of that, you can't listen to that, can you, cause that's not evidence? |
| PROSPECTIVE JURORS: | (no response) |
| PROSECUTOR: | You know, [defense counsel] and I are going to talk. And I've already talked way more than I should have. I'm almost through. We're going to talk. Is that evidence? |
| PROSPECTIVE JURORS: | No |
| PROSECUTOR: | Not one word that comes out of my mouth is evidence if you didn't hear it, see it or touch it, or be able to touch it from right up there on that witness stand, or there's a video or whatever (indicating). |
| | So don't - - I mean, I may say something that you saw. But listen to what I say and see if it's not what you saw. And the same thing with [defense counsel]. If she says it - - And she's a truthful person. But sometimes people slip. That doesn't mean it's evidence unless you saw it. And we're going to have argument. We're going to have an opening statement. |
| | And if it doesn't go along with what you see or hear from the witness stand or from the video or what we have that's tangible touched evidence, you can't regard it can you? |
| PROSPECTIVE JURORS: | (nodding negatively) |
| PROSECUTOR: | Okay. You will agree with me you won't do that, you won't think about aliens and stuff like that and you won't |

|  |  |
|---|---|
|  | think about what we say that doesn't match the evidence? Everybody agree? |
| PROSECUTOR: | (nodding affirmatively) |
| PROSECUTOR: | Okay. |

(Evidentiary Hearing, Respondent's Exhibit 2, v. 2, at 160-167.)

Mr. Nalls raised the aforementioned voir dire issue in his Rule 37 petition and on appeal. The Arkansas Supreme Court cited to the federal standard found in Strickland and reasoned that:

> As the circuit court found, the trial court record reflects that the prosecutor's explanation of the reasonable-doubt standard was not improper and that the jury was instructed by the court on the appropriate burden of proof and its definition. Jurors are presumed to comprehend and follow court instructions, and appellant has offered nothing in his argument on appeal to overcome this presumption or to demonstrate prejudice beyond a conclusory statement.

*Nalls v. State*, 2014 Ark. 434, at 7, 445 S.W.3d 509, 515.

"[I]t 'is not enough that the prosecutor's remarks were undesirable or even universally condemned.'" *Darden v. Wainwright*, 477 U.S. 138, 182 (1986) (quoting *Darden v. Wainwright*, 699 F.2d 1031, 1036 (11th Cir. 1983)). "The relevant question is whether the prosecutor's comments 'so infected the trial with unfairness so as to make the resulting conviction a denial of due process.'" *Id.* (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)). "The Eighth Circuit has routinely reiterated that 'jurors are presumed to follow the court's instructions.'" *United States v. Bear Runner*, 2013 WL 3824405, at *8 (W.D.S.D., July 23, 2013)(quoting *United States v. Patterson*, 684 F.3d 794, 799 (8th Cir. 2012)).

Here, the trial court instructed the jurors that their decision was to be made on the evidence alone; he provided them the definition of reasonable doubt; and he indicated to them that the State carried the burden to prove each element of the offenses charged beyond a reasonable doubt. (Evidentiary Hearing, Respondent's Exhibit 2, v. 4, at 341-346.) The Court

further instructed the jury that Nalls had an absolute constitutional right not to testify and that Nalls was not required to prove his innocence. (*Id.*). The Arkansas Supreme Court's decision is not contrary to clearly-established federal law as determined by the United States Supreme Court, and this claim is denied.

### iii. Severance

As previously noted, the State charged Mr. Nalls with four counts of delivery of cocaine allegedly occurring on January 25, 2011, January 27, 2011, February 1, 2011, and February 14, 2011. The jury heard testimony as to all counts. Mr. Nalls argued he was entitled to severance of counts one through three from count four---the count for which Mr. Nalls was ultimately found guilty.

Mr. Nalls advanced this argument in both his Rule 37 petition and on appeal. The trial court found that counsel's decision not to file a motion to sever was one of trial strategy. (Doc. No. 15-10, at 2-3.) The Arkansas Supreme Court determined because "there was no hearing on the merits of appellant's Rule 37.1 petition, however, there is nothing in the record before us to determine whether counsel's decision to not file a motion to sever was one of trial strategy." (*Id.* at 5, 445 S.W.3d at 514.) Instead, the Court held that, while it disagreed with the circuit court's determination that counsel's failure was one of trial strategy, there was no error. (*Id.*). The Arkansas Supreme Court noted that Mr. Nalls had failed to demonstrate that counsel could have pursued a successful motion to sever and further failed to put forth facts that he was prejudiced by trial counsel's actions. (*Id.*).

This is the only issue for which the Court found it necessary to schedule an evidentiary hearing. Petitioner arguably procedurally defaulted his argument that he was prejudiced by any alleged trial counsel deficiency when he failed "to put forth facts that supported his conclusion"

in his Rule 37 petition. (Doc. No. 15-13 at 5.) "A state prisoner who defaults on his federal claims in state court because of a state procedural rule is barred from federal habeas unless the prisoner can show cause and prejudice." *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). In *Martinez v. Ryan*, the United States Supreme Court held that, when an initial-review is the first designated proceeding for a prisoner to raise a claim, procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. 132 S.Ct. 1309, 1320 (2012). In order to fully develop the record, this Court believed the best course of action was to hold an evidentiary hearing on this claim.

It is this court's conclusion that Mr. Nalls's claim fails because the state court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. While the Arkansas Supreme Court would not address one part of Mr. Nalls's arguments on appeal—that he was entitled to have the charges severed because the charges were not part of a single scheme or plan—because it was raised for the first time on appeal, the Court did cite to and consider *Strickland* when determining that Mr. Nalls failed to demonstrate that counsel was deficient or that he was prejudiced by trial counsel's actions.

> The mere existence of a basis for a state procedural bar does not deprive this Court of jurisdiction; the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case. See *Ulster County Court v. Allen,* 442 U.S. 140, 152–154, 99 S.Ct. 2213, 2222–2223, 60 L.Ed.2d 777 (1979). Moreover, we will not assume that a state-court decision rests on adequate and independent state grounds when the "state court decision fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion." *Michigan v. Long,* 463 U.S. 1032, 1040–1041, 103 S.Ct. 3469, 3476, 77 L.Ed.2d 1201 (1983). "If the state court decision indicates clearly and expressly that it is alternatively based on bona fide

separate, adequate, and independent grounds, we, of course, will not undertake to review the decision." *Id.,* at 1041, 103 S.Ct., at 3476.

*Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985).

Even if reasonable minds were to disagree, and the determination was that the claim is procedurally defaulted, *Martinez* does not excuse the procedural default in this instance. As *Martinez* notes, to overcome default, Nalls must demonstrate that the underlying ineffective assistance of trial claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. With respect to what constitutes a "substantial" claim, the *Martinez* court suggested, by citing *Miller–El v. Cockrell,* 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue), that courts should apply the standard for the issuance of certificates of appealability. *Martinez,* 132 S.Ct. at 1318–19. Under 28 U.S.C. § 2253(c) 2253(c)(2), a certificate of appealability may issue only if "a petitioner has made a substantial showing of the denial of a constitutional right." *See Miller–El,* 537 U.S. at 335–36; *Garrett v. United States,* 211 F.3d 1075, 1076 (8th Cir. 2000). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997); *see also Miller–El,* 537 U.S. at 336.

Mr. Nalls's trial counsel, Sandra Bradshaw, testified at the evidentiary hearing that she and Mr. Nalls never discussed filing a motion to sever, and Mr. Nalls never brought the issue up to her. (Doc. No. 45, at 16.) Ms. Bradshaw was appointed to represent Mr. Nalls, who had been offered a twenty-year deal that he rejected. (*Id.* at 13-14, 17-18.) Ms. Bradshaw testified that she has never had a multiple-count drug offense case where the question of severance arose. (Doc. No. 45, at 11.) Ms. Bradshaw explained that Mr. Nalls was on federal probation at the time of these alleged offenses, which were all Class Y felonies, and she did not want to give the

State the opportunity to stack her client's sentences should he be found guilty. (*Id.* at 12.) Further, had the charges been severed and Mr. Nalls convicted, Ms. Bradshaw indicated that he would have been subject to the enhancement statutes on the subsequent charges, which would not have been in his best interest. (*Id.*). Ms. Bradshaw testified on cross examination that she noted in a letter to Mr. Nalls that the evidence the State would use against him would be the testimony of confidential informants, videos, crime lab reports and his prior criminal history. (Doc. No. 45, at 50.) The letter did not indicate, however, that his criminal history would only be available to the jury if he testified, but Ms. Bradshaw indicated that she and Mr. Nalls had already talked about the fact that his criminal history would be revealed to the jury during the sentencing phase but not during the guilty phase of trial if he did not testify. (*Id.*). Ms. Bradshaw further testified that her decision not to request a severance was one of trial strategy, and if she had to do it again, she would make the same decision. (Doc. No. 45, at 13.) She opined that severance was not appropriate in this case. (*Id.* at 53.)

While Mr. Nalls's counsel argued that Mr. Nalls was entitled to a severance pursuant to Arkansas Rule of Criminal Procedure 22.2, the Arkansas Supreme Court instead determined Mr. Nalls failed to demonstrate that counsel could have pursued a successful motion to sever the charges and failed to put forth facts that he was prejudiced by counsel's actions. "The decision to sever is within the sound discretion of the trial judge, and the denial of a motion to sever is not subject to reversal absent a showing of 'real prejudice.'" *United States v. Jones*, 880 F.2d 55, 61 (8th Cir. 1989) (quoting *United States v. Adkins,* 842 F.2d 210, 212 (8th Cir. 1988)). *See also United States v. Garcia,* 785 F.2d 214, 220 (8th Cir. 1986) ("Appellants must show that the denial of severance clearly and actually prejudiced them."), *cert. denied,* 475 U.S. 1143 (1986).

Here, the record establishes that Mr. Nalls was not convicted of the first three charges

17

involving confidential informant Durkes, which resulted in a mistrial when the jury was unable to reach a verdict. The jury convicted Mr. Nalls of count four—delivery of a controlled substance. Given that Mr. Nalls failed to demonstrate that his counsel could have successfully pursued a motion to sever and that he failed to put forth facts indicating prejudice, the record does not establish that Mr. Nalls's ineffective assistance of trial counsel claim for failing to pursue a motion to sever is substantial and meritorious. Thus, Mr. Nalls has not made a substantial showing of the denial of a constitutional right, and this claim does not fall under the narrow expansion crafted by *Martinez* of what may constitute cause for default.

V. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the district court must determine whether to issue a certificate of appealability in its final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2) (2006). The Court finds no issue on which Mr. Nalls has made a substantial showing of a denial of a constitutional right. Thus, the district court should not issue a certificate of appealability.

VI. CONCLUSION

Mr. Nalls does not present a meritorious ground for relief, and his petition for a writ of habeas corpus (Doc. No. 3) should be denied with prejudice. The district court should not issue a certificate of appealability.

SO ORDERED this 9th day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE