# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

REGINALD NALLS
ADC #106516                                                    PETITIONER

v.                         No. 5:15-cv-193-DPM

WENDY KELLEY, Director,
Arkansas Department of Correction                              RESPONDENT

## ORDER

**1.** On *de novo* review, the Court adopts Magistrate Judge Kearney's recommendation, № 50, as supplemented and overrules Nalls's objections, № 51. Nalls doesn't take issue with the conclusion on Claims 3 and 4. № 50 at 8–10. But he attacks from every angle the recommendation on his remaining claims. № 51 at 2–10. Nonetheless, on the merits, all of Nalls's remaining claims fail. *McKinnon v. Lockhart*, 921 F.2d 830, 833 n.7 (8th Cir. 1990) (*per curiam*).

**2.** First, the prosecutor's comments. № 51 at 3–7. The statements Nalls complains about—during *voir dire*, trial, and closing argument—didn't deprive Nalls of a fair trial. In light of the entire trial record, though strained, the prosecutor's talk about aliens, possibilities, and reasonable doubts was not so egregious that it infected Nalls's trial and made it fundamentally unfair.

*Darden v. Wainwright*, 477 U.S. 168, 181 (1986). The jury also heard proper statements from the lawyers about reasonable doubt and the burden of proof. *E.g.*, № 15-16 at 54–55 & 68–69. The trial court gave appropriate instructions on both points, as well as the presumption of innocence. № 15-18 at 39–40. Further, the jury's inability to reach a verdict on Counts 1, 2, and 3 supports the usual presumption — that the jury followed the court's instructions. *E.g., Weeks v. Angelone*, 528 U.S. 225, 234 (2000). Nalls simply can't show a reasonable probability that, but for the prosecutor's challenged comments, the outcome on Count 4 would have been any different. *Newlon v. Armontrout*, 885 F.2d 1328, 1336–37 (8th Cir. 1989).

**3.** Next, the severance-ineffectiveness claim. № 51 at 8–10. This claim is a procedural tangle. *E.g.*, № 49 at 3–7; № 50 at 14–18; № 51 at 8–10. But even if there's a *Martinez/Trevino*-excused default, the claim fails on the merits. Nalls makes a hard run at trial counsel's reasons for not seeking a severance, № 49 at 8–18, but *Strickland v. Washington*, 466 U.S. 668, 687 (1984) requires much deference to counsel's choice. Avoiding the greater uncertainty, especially in the potential total sentence, that would have come with two juries instead of one was a reasonable strategic decision in the

-2-

circumstances. № 45 at 12-13 & 57-58. And though hindsight shows this didn't result in total victory, the Court can't consider that circumstance against Nalls's lawyer. *Strickland*, 466 U.S. at 689.

\* \* \*

Recommendation, № 50, adopted as supplemented. Objections, № 51, overruled. Nalls's petition will be dismissed with prejudice. No certificate of appealability will issue. 28 U.S.C. § 2253(c)(1)-(2). Erin Cassinelli* is relieved as counsel with the Court's thanks.

So Ordered.

*D.P. Marshall Jr.*
United States District Judge

18 May 2017

---

*Though not appointed to help by the Magistrate Judge, Jamie Ford is on the briefs for Nall with Cassinelli. Ford is the daughter of Christa Jacimore, the court reporter who spends much of her time covering hearings before me. I've considered recusal, but concluded it is not warranted in these circumstances. 28 U.S.C. § 455(a).

-3-